**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

CHARLES DURHAM,         )
                             )
             Petitioner,   )
v.                         )     No. 1:10-CV-0006-LJM-JMS
                             )
ALLEN FINNAN, Superintendent,  )
                             )
             Respondent.  )

**Entry Discussing Petition for Writ of Habeas Corpus**

**I.**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

**II.**

An "Alford plea" is a "guilty plea entered by a defendant who either: 1) maintains that he is innocent; or 2) without maintaining his innocence, 'is unwilling or unable to admit' that he committed 'acts constituting the crime.'" *United States v. Tunning*, 69 F.3d 107, 110 (6th Cir. 1995) (citing *North Carolina v. Alford*, 400 U.S. 25, 37 (1970)).

Indiana does not recognize *Alford* pleas. *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983). Habeas petitioner Durham, however, seeks a writ of habeas corpus based on his contention that Indiana is compelled to do so. "Under the current regime governing federal habeas corpus for state prison inmates,  the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362 (2000); *Morgan v. Krenke,* 232 F.3d 562 (7th Cir. 2000)).

Because Durham has failed to identify any holding of the United States Supreme Court recognizing a state defendant's right to enter an *Alford* plea, or any corresponding duty on the part of a state trial court to accept such a plea, and because the court finds no such right or duty, his petition shows on its face that he is not entitled to the relief he seeks.

### III.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _____01/07/2010_____

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana